**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OMEGA CABLE & COMMUNICATIONS, INC., et al., | ) ) ) | CASE NO. 5:05CV1780 |
| Plaintiffs, | ) ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | ORDER [RESOLVING DOC. 12] |
| TIME WARNER, INC., et al., | ) ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants Texas Cable Partners L.P. ("Texas Cable") and Time Warner, Inc.'s Partial Motion to Dismiss (Doc. 12) pursuant to Fed. R. Civ. Proc. 12(b)(2) for lack of personal jurisdiction. The motion was timely opposed by Plaintiffs Omega Cable & Communications, Inc. ("Omega") and Star1 Integrated Systems, Inc. ("Star1"). The Court has reviewed the memorandum in support, the memorandum in opposition of Omega and Star1 (Doc. 22), and the reply memorandum of Texas Cable and Time Warner (Doc. 24). For the following reasons, Defendant's motion is DENIED.

### I.  FACTS

Over the period of several years, Omega provided cable installation services to Time Warner Cable's Northeast Ohio Division ("TWNO"). At some point during this relationship, TWNO asked Omega to expand its cable installation services to Southern Texas to service Texas Cable, a sister corporation of TWNO.

TWNO is owned by Time Warner Cable, Inc., a Delaware Corporation ("TWC"), Time Warner Entertainment Company, L.P. d/b/a Time Warner Cable, a Delaware Limited Partnership

("TWE"), and two wholly owned subsidiaries of TWE. TWC is the parent company of TWE. Although Omega calls the second Defendant "Texas Cable," the affidavit of Riina Tohvert, a paralegal for TWE, classifies the proper Defendant as Time Warner Cable's Southwest (Texas) Division ("TWCS"). TWCS is owned by Texas and Kansas City Cable Partners, L.P. d/b/a Time Warber Cable ("TKCCP") and Time Warner Entertainment-Advance/Newhouse Partnership d/b/a Time Warner Cable ("TWEAN"). TWEAN is a subsidiary of TWE. TKCCP is a joint venture between TWEAN and Comcast. TWEAN and Comcast each hold a 50% stake in TKCCP, but TKCCP is managed by TWEAN. TWNO and TWCS are sister corporations, but as indicated above, TWCS is not a wholly owned subsidiary of TWC. .

In response to TWNO's request, Joe Hanlin created Star1 to service Texas Cable beginning in the Summer of 2003. Joe Hanlin is the President and majority shareholder of both Omega and Star1.

This litigation arose after Texas Cable threatened to terminate Star1's contract in Texas if Star1 did not support Texas Cable after another cable installer allegedly falsely billed Texas Cable. Star1 refused to support Texas Cable's allegations. Texas Cable then threatened to terminate Omega's contract in Ohio with Time Warner if Star1 did not support it.

At the time of Texas Cable's threats against Omega, Omega was one of TWNO's highest rated cable installers. As proof of this, Omega points out that on September 10, 2004, TWNO requested Omega provide 6 new installation trucks capable of servicing 240 field jobs per week.

On September 20, 2004, Texas Cable attempted to terminate Star1's Texas contract on the basis of alleged false billings by Star1. Star1 argued this cancellation was ineffective because

2

Texas Cable had not provided advance written notice of cancellation, as required by contract. When Star1 demanded written notice from Texas Cable, Texas Cable refused.

Within ten days of Star1's termination by Texas Cable, TWNO reduced Omega's work orders by 60%.  In early October, Omega learned that Texas Cable contacted TWNO to report Star1's alleged false billing of Texas Cable.  Texas Cable also told TWNO that Omega was falsely billing TWNO and instructed TWNO to terminate Omega's contract.  As a result of Texas Cable's allegations of false billing by Omega, TWNO terminated Omega's contract on March 18, 2005.  TWNO's stated reason for terminating Omega's contract was workmanship and fraudulent billing.

On the basis of Texas Cable's and TWNO's alleged conduct leading to the termination of Omega's contract, Omega filed an amended complaint asserting deceptive trade practices by Texas Cable under the Ohio Deceptive Trade Practices Act, tortious interference with Omega's contract by Texas Cable, and civil conspiracy by Texas Cable and TWNO.

Time Warner asserts that this Court does not have personal jurisdiction to adjudicate the claim between Omega and Texas Cable.  According to Time Warner, that claim arose in Texas involving Star1's installation services for Texas Cable.  Thus, the proper venue for adjudication of that claim is Texas because Texas Cable's activities do not subject it to jurisdiction in Ohio courts.

## II.  LEGAL STANDARD

Where personal jurisdiction is challenged in a Rule 12(b)(2) motion, the plaintiff has the burden of establishing that jurisdiction exists. *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974). However, the nature of plaintiff's burden changes depending on the manner in which the district court approaches the motion. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988). Because this Court is deciding Texas Cable's motion solely on the basis of written materials, plaintiff is only required to make a prima facie showing that personal jurisdiction exists. *Id.* at 1168-69. In addition, since this Court finds no need for an evidentiary hearing, "the burden of the plaintiff is relatively slight" and the this Court must construe the pleadings and affidavits in the light most favorable to plaintiff. *Id.* at 1169.

Omega states a prima facie case for personal jurisdiction in Ohio over Texas Cable if it proves: (1) Texas Cable's conduct satisfies one provision of Ohio's long-arm statute; and (2) the application of Ohio's long-arm statute to Texas Cable does not offend the notions of fair play and substantial justice contained in the Due Process Clause of the Fifth and Fourteenth Amendments. *See American Greetings Corp.*, 839 F.2d at 1166-67.

### III. ANALYSIS

**A. Texas Cable's Conduct Satisfies the Ohio long-arm statute.**

Omega asserts three provisions of the Ohio long-arm statute as a basis for exercising personal jurisdiction over Texas Cable:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
>
> * * *
>
> (3) Causing tortious injury by an act or omission in this state;

4

> \* \* \*
>
>> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

Ohio Rev. Code. § 2307.382.

In its amended complaint, Omega asserts tort claims of civil conspiracy, tortious interference with contract, and deceptive trade practices against Texas Cable.  All three claims are premised on Texas Cable's out-of-state conduct of contacting TWNO to report the alleged false billings by Omega.  Omega further claims that Texas Cable contacted TWNO to intentionally cause Omega injury in Ohio.

In response to Omega's complaint, Texas Cable asserts that any communications between TWNO and Texas Cable are covered by the intracorporate conspiracy doctrine.  The intracorporate conspiracy doctrine essentially states that some related corporate entities lack a separate legal existence required for conspiracy and other related torts.  *See Directory Management Sales Corp v. Ohio Bell Telephone Co.*, 833 F.2d 611, 616 (6th Cir. 1987).  Accordingly, Texas Cable argues the alleged communications between the two sister corporations cannot properly form the basis for the civil conspiracy, tortious interference, and deceptive trade practices claims asserted by Omega.

Without deciding whether this doctrine applies to all three of Omega's tort claims, this Court finds Texas Cable's reliance on the intracorporate conspiracy doctrine fails for a more fundamental reason.  In its reply memorandum, Texas Cable cites three cases in support of the intracorporate conspiracy doctrine's application in this case: *Directory Management Sales Corp v. Ohio Bell Telephone Co.*, 833 F.2d 611 (6th Cir. 1987); *Hood v. Tenneco Texas Life Ins. Co.*,

739 F.2d 1012, 1015 (5th Cir. 1984); and *Polydyne v. Kirk*, 1999 U.S. Dist. LEXIS 4619 (S.D. Ohio, Feb. 17, 1999).  These cases stand for the proposition that wholly owned subsidiaries of a single parent company are legally incapable of conspiring because a single legal entity cannot conspire with itself.  Despite the similarities, the intracorporate conspiracy doctrine does not apply to the present case because TWNO and Texas Cable are not wholly owned subsidiaries of the same parent.  Instead, Texas Cable is a 50-50 joint venture between Time Warner and Comcast.  Thus, there appears to be a separate legal existence between TWNO and Texas Cable, negating the intracorporate conspiracy doctrine.

On these facts, Omega properly states a prima facie case that Texas Cable's out-of-state conduct caused tortious injury to Omega in Ohio.  Furthermore, Omega states sufficient facts to show that Texas Cable reasonably expected its out of state conduct to injure Omega in the state of Ohio.  Thus, this Court's exercise of jurisdcition over Texas Cable is proper under Ohio's long-arm statute.  Ohio Rev. Code § 2307.382(A)(6).

**B.      Exercise of Personal Jurisdiction over Texas Cable comports with Due Process**

Whether the exercise of personal jurisdiction under Ohio's long-arm statute also comports with Due Process is determined by a three-part test: (1) Did defendant purposively avail itself of the privilege of acting in Ohio or cause a consequence in Ohio?; (2) Did the cause of action arise from defendant's activities in Ohio; (3) Did defendant's acts or the consequences caused by defendant have a substantial enough connection with Ohio to make exercise of jurisdiction over the defendant reasonable?  *See Southern Machine Co. v. Mohasco Industries*, *Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).  Texas Cable satisfies all three elements of the Sixth Circuit test.

First, Texas Cable purposefully availed itself of Ohio law when it conspired with TWNO and tortiously interfered with Omega's installation contract with TWNO.  Texas Cable should have reasonably foreseen that its communications with TWNO about the Omega contract would have consequences in Ohio.  *See Perry v. Kempton*, 864 F. Supp 37, 39 (S.D. Ohio 1994).  Second, the cause of action arose from Texas Cable's activities in Ohio, namely, the communications between Texas Cable and TWNO's officers in Ohio.

When the first two criteria are met, an inference arises that the third criterion is also present and "only the unusual case will not meet this third criterion."  *First Nat. Bank of Louisville v. J.W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir. 1982).  This is not the unusual case.  Here, Texas Cable conspired with an Ohio Corporation and tortiously interfered with Omega's cable installation contract in Ohio.  These activities provide sufficient minimum contacts with Ohio that Texas Cable should have forseen being haled into an Ohio court.  *Id.* at 39-40.

Accordingly, this Court's exercise of personal jurisdiction over defendant Texas Cable comports with the Due Process Clause of the Fifth and Fourteenth Amendments.  *See American Greetings Corp.*, 839 F.2d at 1166-67.

### III.  Conclusion

Omega has alleged facts sufficient to show a prima facie case for personal jurisdiction. *See American Greetings Corp.*, 839 F.2d at 1168.  Omega has shown that Texas Cable's conduct satisfies the Ohio long-arm statute and exercise of personal jurisdiction over Texas Cable does not violate Due Process.  These facts are sufficient to survive a motion to dismiss when the parties conduct no discovery and the court does not hold an evidentiary hearing.  *Id.*

Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction over Defendant Texas Cable is DENIED.

    IT IS SO ORDERED.

| | |
|---|---|
| _July 24 , 2006_ | s/Christopher A. Boyko |
| Date | Christopher A. Boyko |
| | U.S. District Judge |