**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| OMEGA CABLE & COMM., INC., ET AL., ) | CASE NO.5:05CV1780 |
| ) | |
| Plaintiffs, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| TIME WARNER, INC., ET AL., ) | ORDER |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Motion to Strike, or in the Alternative, to File a Sur-Reply to Defendants' Reply in Support of Their Motion for Partial Summary Judgment Regarding Counts III, IV and V (ECF #62).  Plaintiffs have filed a Motion to Strike Defendants Reply or permit Plaintiffs to file a Surreply because Defendants Reply contains affidavits, deposition excerpts and a copy of a management agreement not placed into evidence with their summary judgment motion.  Plaintiffs contend this constitutes new evidence that is impermissible under Rule 6 of the Fed R. Civ. P.  Plaintiffs contend Defendants Reply raises for the first time that Texas Cable was justified in terminating Star1's contract because Star1 recorded false meter readings.  Also, Defendants' reply attaches the deposition of James Hunley, a former Star1 employee, who testified Star1 engaged in false billing.  Also, Hunley allegedly refused to answer questions from Plaintiffs counsel at the deposition exercising his Fifth Amendment right against self-incrimination.  Finally, Plaintiffs contend the Reply contains new evidence in the form of an affidavit of Riina Tohvert  and a management agreement.  Plaintiffs contend none of the above constitutes rebuttal and Plaintiffs seek to have the Reply Stricken or

an opportunity to file a sur-reply.

Defendants contend rebuttal affidavits are properly attached to a Reply. In *Peters v. Lincoln Elec., Co.,* 285 F.3d 456, 476-477 (6th Cir. 2002) the Sixth Circuit stated, "reply affidavits that respond only to the opposing party's brief are properly filed with the reply brief. *See McGinnis v. Southeast Anesthesia Assocs.,* 161 F.R.D. 41, 42 and n. 1 (W.D.N.C.1995) (allowing affidavits to accompany reply because they supported reply brief, not original motion). While the Rules are silent as to timing matters with reply affidavits, precedent establishes that, in the face of new evidence, the court should permit the opposing party an opportunity to respond."

"Where new evidence is presented in either a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion ... or else strike that new evidence. But, where the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers-both briefs and affidavits-may properly address those issues." *Memphis Publishing Co., v. Newspaper Guild of Memphis, Local 33091,* No. 04-2620, unreported 2005 WL 3263878 #2 (W.D. Tenn. Nov. 30, 2005). Therefore, the Court finds rebuttal evidence attached to a Reply is permitted under the Federal Rules.

This Court, in compliance with the dictates of the Sixth Circuit as set forth in *Peters* and applying the analysis in *Memphis Publishing,* grants, in part, Plaintiffs' Motion to Strike. Therefore, the Court strikes those portions of the Reply brief and supporting materials that comprise "new evidence." The Court, in its subsequent Opinion and Order will expressly denote those portions of the brief and supporting evidentiary materials it considers responsive to the issues raised in the Brief in Opposition.

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

January 16, 2008